**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

YUFENG XIA,

     Plaintiff,

v.                                                            Case No. 8:26-cv-1549-KKM-TGW

JOSEPH B. EDLOW, and USCIS
NATIONAL BENEFITS CENTER,

     Defendants.

_____

**<u>ORDER</u>**

On March 28, 2024, pro se plaintiff Yufeng Xia submitted her Form I-485 application for a status adjustment based on her "asylee status." Compl. (Doc. 1) at 6. Displeased that "more than 26 months" have passed without an adjudication, Xia sues Joseph Edlow, in his official capacity as the Director of the United States Citizenship and Immigration Services (USCIS), and the USCIS National Benefits Center. *See id.* at 1–2, 7. Xia asserts an Administrative Procedure Act claim and seeks an order compelling USCIS to adjudicate Xia's Form I-485 Application within 30 days. *See id.* at 3–4; Resp. (Doc. 3) at 4.[1]

---

[1] In her complaint, Xia also lists the Mandamus Act, 28 U.S.C. § 1361, as part of the basis for jurisdiction. *See* Compl. at 3. The complaint does not clearly identify its cause (or causes) of action. *See generally id.* That said, in response to the order to

In the light of the jurisdiction stripping effect of 8 U.S.C. § 1252(a)(2)(B)(ii), I ordered Xia to show cause why her action should not be dismissed for lack of subject matter jurisdiction. *See* Order (Doc. 2). Xia timely responds. *See* Resp.

A person who has suffered a legal wrong because of agency action may generally seek judicial review under the APA. *See* 5 U.S.C. § 702. The APA defines "agency action" to include "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act[.]" 5 U.S.C. § 551(13). "Although the APA independently does not confer subject-matter jurisdiction, 28 U.S.C. § 1331 confers jurisdiction on federal judges to review agency action under federal-question jurisdiction." *Perez v. USCIS*, 774 F.3d 960, 965 (11th Cir. 2014) (per curiam). But APA review does not apply when "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a).

---

show cause regarding jurisdiction, Xia describes her action as an "APA unreasonable delay claim." *See* Resp. at 4. Thus, I proceed under the assumption that she brings only an APA claim.

Further, Xia seeks to, in effect, represent other plaintiffs. Although she names only herself as a plaintiff, she seeks an order compelling the adjudication of her Form I-485 application and her family members' applications. *See* Compl. at 4. Because she is a non-lawyer, this is improper. *See White v. United States*, No. 22-13736, 2023 WL 3885816, at *1 (11th Cir. June 8, 2023) (per curiam) ("The right to appear *pro se* extends to parties conducting their own cases, not to persons representing the interests of others." (citation modified)).

8 U.S.C. § 1252(a)(2)(B)(ii) strips "jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title." The Eleventh Circuit recently held that § 1252(a)(2)(B)(ii) "precludes jurisdiction over challenges to USCIS delays in adjudicating Form I-485 adjustment of status applications." *Kanapuram v. Dir., USCIS*, 131 F.4th 1302, 1306–07 (11th Cir. 2025).

Xia responds that she seeks adjustment of her status under 8 U.S.C. § 1159(b), not 8 U.S.C. § 1255, which was the relevant section in *Kanapuram*, thus I have jurisdiction over her action. *See* Resp. at 2–3. She argues that § 1252(a)(2)(B)(ii) does not apply to refusals to adjudicate adjustments of status and that "[a] delay of over two years constitutes a complete abdication of the agency's mandatory duty to act." *See id.* at 3. On the first point, Xia does not allege that USCIS has refused to adjudicate her application for an adjustment of status. *See generally* Compl. Instead, she alleges that the delay is unreasonably long. *See id.* at 7. On the second point, Xia does not provide any legal support for the conclusion that a delay of more than two years constitutes an abdication of the duty to act. *See* Resp. at 3. She also contends

3

that the presumption in favor of judicial review has not been overcome in situations such as hers. *See id.* at 3–4. She is incorrect.

As the Eleventh Circuit explained, § 1252(a)(2)(B)(ii) combined with the grant of discretion in § 1255(a) is enough to "overcome the presumption in favor of judicial review." *Kanapuram*, 131 F.4th at 1307. It is immaterial that Xia seeks an adjustment under § 1159(b) rather than §1255(a). First, § 1159 is found under the same subchapter as § 1252(a)(2)(B)(ii). Second, § 1159(b) and § 1255(a) have essentially identical grants of discretion. *Compare* 8 U.S.C. § 1159(b) ("The Secretary of Homeland Security or the Attorney General, in the Secretary's or the Attorney General's discretion and under such regulations as the Secretary or the Attorney General may prescribe, may adjust to the status of an alien lawfully admitted for permanent residence the status of any alien granted asylum who [meets enumerated requirements]."), *with* 8 U.S.C. § 1255(a) ("The status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification as a VAWA self-petitioner may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if [the alien meets enumerated requirements]."). Both state that an applicant's status "may" be adjusted subject to the Secretary of Homeland Security's "discretion and under such regulations as [the

4

Secretary] . . . may prescribe." *See Kanapuram*, 131 F.4th at 1307 n.3 (explaining that § 1255(a)'s references to the Attorney General "are deemed to be references to the DHS and USCIS" because "Congress has transferred the adjudications of the former Immigration and Naturalization Service to the Secretary of Homeland Security and his delegate at the USCIS" (citation modified)).

This grant of discretion extends even to "actions taken in the course of the decision-making process—including the pace at which that process is undertaken." *Id.* (citation modified); *see also Eldeeb v. Chertoff*, 619 F. Supp. 2d 1190, 1214 (M.D. Fla. 2007) (concluding § 1252(a)(2)(B)(ii) barred judicial review of the pace at which USCIS processes a Form I-485 application); *Shojaeighadikolaei v. Dir., USCIS*, No. 6:25-CV-1535-JSS-DCI, 2026 WL 1529402, at *3 (M.D. Fla. June 1, 2026) (same). Thus, I lack jurisdiction over Xia's "unreasonable delay claim." Resp. at 4.[2]

Accordingly, the following is **ORDERED**:

1. This action is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

---

[2] Even if I construed Xia's complaint as also bringing a claim for mandamus relief, I would still lack jurisdiction. *See Sands v. U.S. Dep't of Homeland Sec.*, 308 F. App'x 418, 420 (11th Cir. 2009) (per curiam) (noting that 8 U.S.C. § 1252(a)(2)(B)(ii) "explicitly strips the district court of jurisdiction under the mandamus statute").

2. The Clerk is directed to **ENTER JUDGMENT**, which shall read, "This case is dismissed without prejudice."

3. The Clerk is further directed to **TERMINATE** all deadlines, pending motions, and hearings, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on June 10, 2026.

Kathryn Kimball Mizelle
United States District Judge

6